In the Matter of the Claim of RALLY MASON, Respondent, against 980–984 SIMPSON STREET CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 14, 1933.

*Frederick Mellor* [*Bernard F. Farley* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

*Jacob Giddens,* for the claimant-respondent.

HEFFERNAN, J. This is an appeal from a decision of the State Industrial Board awarding death benefits to Rally Mason, husband of the deceased employee.

Appellants are seeking to annul the determination on the ground that there is no competent medical evidence of causal connection between the death and the accident and that the evidence is insufficient to establish that claimant was a dependent within the meaning of the Workmen's Compensation Law.

Claimant and his deceased wife were employed as janitor and janitress, respectively, on the employer's premises. On March 11, 1932, while decedent was engaged in the regular course of her employment and while cleaning the stairway on the premises where she was employed, she slipped and fell backwards down a flight of stairs, striking her head and causing injuries resulting in a cerebral hemorrhage from which death occurred five days later.

Without discussing the evidence in detail, it suffices to say that the record contains ample evidence to sustain the finding of causal connection between the accident and death. The resident surgeon of the Lincoln Hospital who attended the decedent from the time of the accident until her death testified that the fall which she sustained was the exciting cause of the cerebral hemorrhage and death. He gave it as his opinion that there was causal connection between the two.

On the question of the dependency we are in accord with the statement of appellants' counsel that the normal relationship of husband and wife with respect to that status is that the husband is the provider and the wife the dependent. In this case the proof discloses that prior to the accident claimant and his wife were employed for seven years as caretakers of the premises where the accident occurred. For their services they received twenty-five dollars a month together with rooms for living purposes and also lighting facilities. Evidently they pooled their resources and each was to some extent dependent upon the other. It appears that because of the husband's illness the wife did the greater share of the work. The husband testified that he was " sick all the time " and under the care of a physician and that consequently decedent did part of his work. He was unable to take care of the premises without her assistance. Due to the death of his

wife the employer refused to retain claimant in his employment. This testimony is corroborated by the employer. He testified: " You hire a man, you have to have a woman; you hire a woman she's got to have a man to do the work." Claimant is without means and it is impossible for him to obtain employment elsewhere because he is a widower. The death of his wife deprived him of his job and that is some evidence of his dependency upon her.

The question of dependency is one of fact. We think the question as to whether the husband was dependent upon his wife under the circumstances disclosed in this record was fairly one of fact and that the finding of the Industrial Board in that regard was a reasonable inference from the proofs. That finding is conclusive upon this appeal.

The award should, therefore, be affirmed, with costs to the State Industrial Board.

HILL, P. J., RHODES, McNAMEE and BLISS, JJ., concur.

Award affirmed, with costs to the State Industrial Board.